IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CIVIL ACTION NO. 5:22-cv-0300-KKC

*Electronically Filed*

JOHN NORMAN, as Administrator of )
the Estate of DESMAN LADUKE, deceased; )
)
v. ) **FIRST AMENDED COMPLAINT**
)
JOSEPH HORTON, individually )
)

\*\*\*     \*\*\*     \*\*\*

Comes the Plaintiff, John Norman, as Administrator of the Estate of Desman LaDuke, by counsel, and for his First Amended Complaint against Defendant Joseph Horton, states as follows:

## JURISDICTION

1. Plaintiff brings this action against Defendant, Joseph Horton, to redress the deprivation of rights secured by the Fourth and Fourteenth Amendments to the United States Constitution, 42 U.S.C. § 1983, and the common law.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983.

3. Plaintiff also invokes the supplemental jurisdiction of this Court over his state law claims against the Defendant for common law violations pursuant to 28 U.S.C. § 1367 as the common law claims form part of the same case or controversy.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the cause of action occurred in this District.

## PARTIES

5. Plaintiff, John Norman, is the duly appointed and acting Administrator of the Estate of Desman LaDuke, having been so appointed by Order of the Jessamine District Court entered on November 10, 2022. The Order is attached as **Exhibit A**.

6. The Decedent, Desman LaDuke, was at all times mentioned herein a citizen and resident of Nicholasville, Jessamine County, Kentucky.

7. Defendant, Joseph Horton, was, at all relevant times herein, an officer with the Nicholasville Police Department and will be served through his counsel, Scott Miller of Sturgill Turner Barker & Maloney, 333 West Main Street, Suite 1500, Lexington, KY 40507.

## FACTUAL ALLEGATIONS

8. Plaintiff adopts and incorporates by reference each of the previous paragraphs as if set forth fully herein.

9. On October 22, 2022, the decedent, 22-year-old Desman LaDuke, was alone at his residence, located at 233 Green Street, Nicholasville, Kentucky 40356 ("the LaDuke residence").

10. Desman was struggling with his mental health, including, but not limited to, coping with the deaths of his mother and his brother, and his own will to live.

11. On the above date, upon learning that Desman was in possession of a firearm and was suffering from suicidal thoughts, one of Desman's family members called 9-1-1 and asked that police assist LaDuke at his residence.

12. At no time did Desman act violently or make threats against other people; rather, Desman's family was only concerned with the risk he posed to himself.

13. Shortly after the 9-1-1 call was made, officers of the Nicholasville Police Department, including Defendant, Joseph Horton ("Horton"), appeared at the LaDuke residence.

14. The responding officers included members of the Special Response Team (SRT), who were highly armed. Specifically, Horton, an SRT officer, was armed with a sniper rifle.

15. Although Desman remained calm and cooperative with the officers upon their arrival, the officers proceeded to form a perimeter surrounding the LaDuke residence, with weapons drawn.

16. Approximately an hour and a half into the resulting stand-off, Horton shot Desman, who was still alone inside the home, through his bedroom window. The bullet struck Desman in the chest.

17. After Desman was shot, officers entered the LaDuke residence and drug Desman to the kitchen floor, leaving a trail of blood from his bedroom to the kitchen.

18. While Desman laid bleeding on the kitchen floor, officers continued to yell at him, including, but not limited to, telling Desman that it was his own fault that he was shot.

19. Desman was eventually taken by ambulance to University of Kentucky Hospital, where he died from his injuries later that evening.

20. When Desman was shot, he was alone in his home. He did not threaten to harm the officers, including Horton, or any other person.

21. Desman did not use, threaten to use, or indicate any intent to use, any sort of force against the officers, or any other person, at any time throughout the altercation.

22. Horton was outside of the LaDuke home when he fired his weapon. There existed no reasonable basis to believe that Desman was an imminent threat to anyone other than himself.

23. At the time Horton shot Desman, no reasonable officer in Horton's position would have reasonably believed that Desman posed an imminent threat of serious bodily harm to Horton or any other person.

24. At the time Horton shot Desman, no reasonable officer in Horton's position would have reasonably believed that use of deadly force was necessary or appropriate.

25. At the time Horton shot Desman, no reasonable officer in Horton's position would have reasonably believed that shooting Desman, when he was alone in his home and not threatening anyone, was lawful.

## **COUNT I – Violation of 42 USC § 1983 - Excessive Force**

26. Plaintiff adopts and incorporates by reference each of the previous paragraphs as if set forth fully herein.

27. Defendant, Joseph Horton, under the color of law, deprived Desman LaDuke of rights, privileges, and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution, including the right to be free of excessive force.

28. The force used by Defendant, Joseph Horton, was objectively unreasonable.

29. At the time Defendant, Joseph Horton, shot Desman LaDuke, Desman was not committing a crime, there was no threat of danger to Horton, nor any other person, nor did Desman try to resist or flee in any manner.

4

30. Defendant Joseph Horton's use of force against Desman violated his rights secured by the United States Constitution by depriving him of the right to be free from excessive force and unreasonable seizures as guaranteed by the Fourth Amendment and the right to be free from the deprivation of life and liberty without due process of law as guaranteed by the Fourteenth Amendment.

31. Defendant Joseph Horton's conduct violates clearly established constitutional rights of which a reasonable officer would have known.

32. Defendant Joseph Horton's use of excessive force against Desman constituted a reckless and/or callous indifference to Desman's federally protected rights.

33. As a direct and proximate cause of the foregoing actions, Desman LaDuke suffered actual and consequential damages, deprivation of liberty, indignity, mental and physical pain and suffering, emotional distress and anguish, medical expenses, funeral bills, loss of power to earn money in the future, and death.

## COUNT II – Assault and Battery

34. Plaintiff adopts and incorporates by reference each of the previous paragraphs as if set forth fully herein.

35. Defendant, Joseph Horton, intentionally, maliciously, and in bad faith applied and threatened to apply unlawful and unnecessary force against Desman LaDuke.

36. Said physical contact was unnecessary and excessive, and the physical contact was without cause or any legal justification.

37. As a direct and proximate cause of the assault and battery inflicted upon Desman LaDuke by the Defendant, Desman sustained injuries and damages, suffered

actual and consequential damages, deprivation of liberty, indignity, mental and physical pain and suffering, emotional distress and anguish, medical expenses, funeral bills, loss of power to earn in the future, and death.

### COUNT III – Negligence and Gross Negligence

38. Plaintiff adopts and incorporates by reference each of the previous paragraphs as if set forth fully herein.

39. Defendant, Joseph Horton, owed a duty to Desman LaDuke to act as a reasonably prudent police officer in his interactions with him.

40. Defendant, Joseph Horton, breached said duty of care by utilizing unauthorized and unnecessary deadly force against Desman without legal right or justification.

41. Defendant Joseph Horton's breach of the duty of care caused Desman to suffer injury and ultimately death.

42. The aforementioned conduct was negligent, grossly negligent, and exhibited a reckless and/or callous indifference to Desman's rights and safety.

43. Defendant, Joseph Horton, was not justified in his actions, nor were said actions permitted under Kentucky or federal law.

44. Defendant Joseph Horton's conduct violated Desman's clearly established constitutional rights of which a reasonable officer would have known.

45. As a direct and proximate cause of the foregoing negligence, Desman LaDuke suffered actual and consequential damages, deprivation of liberty, indignity, mental and physical pain and suffering, emotional distress and anguish, medical expenses, funeral bills, loss of power to earn in the future, and death.

## COUNT IV – Wrongful Death and Survival Action

46. Plaintiff adopts and incorporates by reference each of the previous paragraphs as if set forth fully herein.

47. Defendant, Joseph Horton, caused the wrongful death of Desman LaDuke, resulting in damages recoverable under KRS 411.130 and KRS 411.133.

48. Plaintiff's damages include the deceased's physical and mental injuries, pain and suffering, as well as the medical and other final expenses incurred as a result of the Defendant's actions.

## COUNT V – Punitive Damages

49. Plaintiff adopts and incorporates by reference each of the previous paragraphs as if set forth fully herein.

50. The aforesaid wrongful acts of Defendant, Joseph Horton, were committed with actual malice toward Desman LaDuke and with willful and wanton indifference to and deliberate disregard for human life and the rights of Desman as a civilian in the public population; therefore, Plaintiff is entitled to exemplary and punitive damages.

**WHEREFORE**, the Plaintiff respectfully demands judgment against the Defendant as follows:

1. For judgment entered against Defendant, Joseph Horton, individually, on each claim asserted;
2. For actual, special, punitive, statutory, and compensatory damages, in an amount greater than the jurisdictional minimum;

3. Costs of this action, including reasonable attorney's fees to the Plaintiff pursuant to The Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988 (1976);

4. Such injunctive relief regarding future police training and policy implementation or enforcement as may be determined by the Court to be appropriate;

5. Trial by jury; and,

6. For any other relief to which the Plaintiff may be entitled.

**RESPECTFULLY** submitted this 21st day of November, 2022.

/s/ *Matthew C. Minner*
MATTHEW C. MINNER
JONATHAN B. FANNIN
*Counsel for Plaintiff*
MINNER VINES MONCUS
INJURY LAWYERS, PLLC
325 W. Main St., Suite 210
Lexington, KY 40507
Phone: (859) 550-2900
Fax: (859) 550-2902
Email: matt@mvmlaw.com
jonathan@mvmlaw.com

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY**