**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**
**CASE NO. 5:22-CV-0300-KKC**

[ELECTRONICALLY FILED]

**JOHN NORMAN, as Administrator of**
**the Estate of DESMAN LADUKE, deceased**                    **PLAINTIFF**
**v.**

**JOSEPH HORTON, individually**                    **DEFENDANT**

---

**ANSWER TO AMENDED COMPLAINT**

**\*\*\* \*\*\* \*\*\***

---

Comes the Defendant Joseph Horton, in his individual capacity, by counsel, and files this Answer to Plaintiff's First Amended Complaint ("Complaint").

**<u>FIRST DEFENSE</u>**

The Complaint fails to state a claim against Defendant upon which relief can be granted and should be dismissed.

**<u>SECOND DEFENSE</u>**

As for the specific allegations of the Plaintiff's Complaint, Defendant states as follows:

1.    Defendant denies the allegations in paragraph 1 of the Complaint to the extent that they allege he deprived Plaintiff of his constitutional rights under the United States Constitution, the laws of the United States, or state law.

2.    Paragraph 2 of the Complaint consists of a legal statement for which no admission or denial is required on part of Defendant.

3.      Paragraph 3 of the Complaint consists of a legal statement for which no admission or denial is required on part of Defendant.

4.      Paragraph 4 of the Complaint consists of a legal statement for which no admission or denial is required on part of Defendant.

5.      Defendant is without sufficient information to confirm the allegations contained in paragraph 5 of the Complaint, but Exhibit A speaks for itself.  Otherwise, Defendant is without sufficient information to admit or deny the allegations contained in paragraph 5 of the Complaint.

6.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 6 of the Complaint.

7.      With respect to the allegations contained in paragraph 7 of the Complaint, Defendant admits that Joseph Horton is an officer at the Nicholasville Police Department. The manner of service is moot at this point.

8.      No response required.

9.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 9 of the Complaint.

10.      Defendant is without sufficient information to admit or deny the allegations contained in paragraph 10 of the Complaint.

11.      With respect to allegations contained in paragraph 11 of the Complaint, Defendant admits to being aware of Desman's possession of a firearm and suicidal inclinations. However, as to all other allegations in paragraph 11, Defendant is currently without sufficient information to admit or deny the remaining allegations.

12.     Defendant denies the allegations contained in paragraph 12 of the Complaint to the extent they allege Desman did not act violently or make threats against other people. However, Defendant lacks sufficient information to admit or deny whether the family's only concern was with the risk Desman posed to himself.

13.     With respect to allegations in paragraph 13 of the Complaint, Defendant admits that he and other Nicholasville police officers arrived at the LaDuke residence after a 9-1-1 call. However, Defendant is without sufficient information to admit or deny the allegation regarding "[s]hortly after," as that phrase is susceptible to multiple interpretations. Rather, Defendant admits to arriving at the LaDuke residence within a reasonable time.

14.     With respect to allegations in paragraph 14 of the Complaint, Defendant admits that both he and the other responding officers were members of the Special Response Team ("SRT"). However, Defendant denies he was armed with a sniper rifle and is without sufficient information to admit or deny the allegation of "highly armed," as that description is susceptible to multiple interpretations. Rather, Defendant admits that he was reasonably armed, given the circumstances, with his issued patrol rifle.

15.     With respect to allegations in paragraph 15 of the Complaint, Defendant admits officers formed a perimeter around the LaDuke residence. Defendant, however, denies that Desman remained calm and cooperative with officers upon their arrival. In addition, Defendant is without sufficient information to admit or deny the allegation of "with weapons drawn," as that description is susceptible to multiple interpretations. Rather, Defendant admits that any positioning of his weapon was reasonable given the circumstances.

16.     With respect to allegations in paragraph 16 of the Complaint, Defendant admits he shot Desman and that the bullet struck Desman in the chest. However, Defendant is without

sufficient information to admit or deny the allegations that Defendant shot Desman "approximately an hour and a half into the stand-off" and that Desman was shot while "alone inside his home, through his bedroom window."

17.     With respect to allegations in paragraph 17 of the Complaint, Defendant admits that officers entered the LaDuke residence after Desman was shot. Defendant, however, is without sufficient information to admit or deny the allegations that Desman was drug to his kitchen, leaving a trail of blood from his bedroom to the kitchen. Defendant has no personal knowledge as to what occurred inside the Desman residence once officers entered it.

18.     Defendant is without sufficient information to admit or deny the allegations contained in paragraph 18 of the Complaint. Defendant has no personal knowledge as to what occurred inside the Desman residence once officers entered it.

19.     With respect to the allegations in paragraph 19 of the Complaint, Defendant admits Desman was taken by ambulance and eventually died. Defendant, however, is without sufficient information to admit or deny the allegations that Desman was taken to the University of Kentucky Hospital, that he died "later that evening," or that his death was the result of "injuries" he sustained at the LaDuke residence.

20.     With respect to allegations in paragraph 20 of the Complaint, Defendant denies Desman did not threaten to harm the officers, including him, or any other person. Defendant, however, is without sufficient information to admit or deny the allegations that Desman was alone in his home when he was shot.

21.     Defendant denies the allegations contained in paragraph 21 of the Complaint.

22.     With respect to the allegations in paragraph 22 of the Complaint, Defendant admits he was outside the LaDuke residence when he fired his weapon. Defendant, however, denies

the allegation that there was no reasonable basis to believe that Desman was an imminent threat to anyone other than himself since the shot was fired only after Desman pointed two handguns in the direction of officers, which was reasonably perceived as an imminent threat.

23.    Defendant denies the allegations contained in paragraph 23 of the Complaint as the actions of Defendant were reasonable and consistent with national and state recognized police principles.

24.    Defendant denies the allegations contained in paragraph 24 of the Complaint as the actions of Defendant were reasonable and consistent with national and state recognized police principles.

25.    With respect to the allegations in paragraph 25 of the Complaint, Defendant is without sufficient information to admit or deny the allegations that Desman was alone in his home. Defendant, however, denies all other allegations contained in paragraph 25 of the Complaint.

26.    No response required.

27.    Defendant denies the allegations contained in paragraph 27 of the Complaint.

28.    Defendant denies the allegations contained in paragraph 28 of the Complaint.

29.    Defendant denies the allegations contained in paragraph 29 of the Complaint since pointing multiple firearms at police officers establishes the elements of multiple Kentucky Revised Statutes.

30.    Defendant denies the allegations contained in paragraph 30 of the Complaint.

31.    Defendant denies the allegations contained in paragraph 31 of the Complaint.

32.    Defendant denies the allegations contained in paragraph 32 of the Complaint.

33.    Defendant denies the allegations contained in paragraph 33 of the Complaint.

34.     No response required.

35.     Defendant denies the allegations contained in paragraph 35 of the Complaint.

36.     Defendant denies the allegations contained in paragraph 36 of the Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of the Complaint.

38.     No response required.

39.     Defendant denies the allegations contained in paragraph 39 of the Complaint to the extent it implies that Defendant did not act as a reasonable and prudent police officer.

40.     Defendant denies the allegations contained in paragraph 40 of the Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of the Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of the Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of the Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of the Complaint.

45.     Defendant denies the allegations contained in paragraph 45 of the Complaint.

46.     No response required.

47.     Defendant denies the allegations contained in paragraph 47 of the Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of the Complaint.

49.     No response required.

50.     Defendant denies the allegations contained in paragraph 50 of the Complaint.

## **THIRD DEFENSE**

Defendant specifically pleads the affirmative defenses set forth in CR 8.03, including contributory negligence, statute of limitations, estoppel, waiver, insufficiency of process, insufficiency of service of process, and any other affirmative defense which may become known or discoverable during the course of litigation.

At the time and the occasion complained of in the Complaint, Plaintiff's own actions caused his injuries and Plaintiff's own negligence and/or action(s) was a substantial factor in causing his injuries, if any, and said negligence and/or action(s) constitutes a bar either in whole or in part to Plaintiff's Complaint.

## FOURTH DEFENSE

The damages about which Plaintiff complains, if any, may have been caused or brought about by or were the proximate result of conduct on the part of persons not parties to this lawsuit, all without negligence or fault on the part of Defendant.

## FIFTH DEFENSE

The damages about which Plaintiff complains, if any, may have been caused or brought about by an intervening or superseding cause not under the control of Defendant, and Defendant relies upon same as bar to Plaintiff's Complaint.

## SIXTH DEFENSE

At the time of and on the occasion referred to in the Complaint, Plaintiff's injuries and/or damages, if any, may have been caused and brought about by the sole, primary, and active conduct of other persons or parties, without any fault on the part of Defendant, and but for which said incident would not have occurred, and Defendant pleads and relies upon same as a bar, in whole or in part, to Plaintiff's claims.

## SEVENTH DEFENSE

The injures and damages complained of by Plaintiff, if any, may have been caused by the acts of Unknown Defendants and/or Unknown Third Persons of or over which these Defendants had no control, which acts as a bar, either in whole or in part, to the claims of Plaintiff.

## EIGHTH DEFENSE

Plaintiff's Complaint against Defendant is barred as the incident and damages complained of were unavoidable on the part of Defendant.

Plaintiff's claims for recovery should be barred to the extent they are attributable, in whole or in part, to pre-existing conditions and/or collateral causes and/or subsequent conditions that Defendant did not create or is not otherwise responsible for.

## NINETH DEFENSE

The Complaint may fail to name necessary and indispensable parties without which full and complete relief cannot be accorded, and the Complaint should be dismissed.

## TENTH DEFENSE

Plaintiff's Complaint, in whole or in part, may be barred as the Plaintiff may not be the real parties in interest.

## ELEVENTH DEFENSE

At all times mentioned in the Complaint, Defendant's actions, in all respects, were reasonable, proper, legal and without wrongful intent or malice. As such, Defendant is not liable for exemplary or punitive damages in any sum.

## TWELFTH DEFENSE

At all times mentioned in the Complaint, Defendant acted in good faith and without any ill motive or tortious intent, which acts as a complete bar to Plaintiff's Complaint.

## THIRTEENTH DEFENSE

Plaintiff may have caused or also may have failed to mitigate any and all of his alleged damages and/or aggravated the same by his own actions or inactions, which bars in whole or in part his claim for damages.

### FOURTEENTH DEFENSE

The Complaint is barred by absolute, qualified, official, and/or qualified official immunity of Defendant, which also bars any discovery against Defendant.

### FIFTEENTH DEFENSE

Defendant acted in conformity with all applicable statutes, regulations, ordinances, and common law, as well as the Constitutions of the United States and the Commonwealth of Kentucky.

### SIXTEENTH DEFENSE

Part and/or all of Plaintiff's claims may be barred by sovereign and/or governmental immunity, by statute, such as but not solely limited to KRS Chapter 65.

### SEVENTEENTH DEFENSE

Defendant is entitled to good faith immunity in that no action was taken against Plaintiff with malice or in violation of state or federal law.

### EIGHTEENTH DEFENSE

At all times mentioned in the Complaint, Defendant acted with probable cause and exercised a reasonable belief as to the necessity of his actions and was justified in taking his actions, which acts as a complete bar to Plaintiff's Complaint.

### NINETEENTH DEFENSE

Defendant was privileged to take the actions alleged in the Complaint to be common law torts. Such privileges, absolute or conditional, bar Plaintiff's action in whole or in part. Defendant was privileged to act pursuant to KRS 431.005, KRS 503.090, KRS 503.050, and other applicable statutes, criminal laws, as well as pursuant to the Constitution of Kentucky. Furthermore, KRS 503.085 acts as a complete bar to certain claims asserted by Plaintiff.

9

## TWENTIETH DEFENSE

Plaintiff may have consented, explicitly or implicitly, to any or all purported tortious conduct alleged in the Complaint, which acts as a complete or partial bar to Plaintiff's claims herein.

Defendant asserts that some actions may have been inadvertent and not intentional which acts as a complete bar to recovery for some claims.

## TWENTY-FIRST DEFENSE

Defendant may not be held responsible for actions taken by others or caused by Plaintiff or others, in whole or in part, and from whom contribution, indemnity, and/or comparative fault may be due.

## TWENTY-SECOND DEFENSE

Plaintiff's actions as alleged in the Complaint, in whole or in part, were illegal and wrongful and in violation of Kentucky law, which acts as a complete or partial bar to Plaintiff's Complaint.

## TWENTY-THIRD DEFENSE

At the time of and on the occasion complained of in the Complaint, Plaintiff may have been negligent, which was the (or substantial) factor in causing his alleged injuries, barring either in whole or in part his Complaint.

## TWENTY-FOURTH DEFENSE

Defendant's actions were objectively reasonable under the facts and circumstances confronting him and created by Plaintiff, which acts as a complete bar to Plaintiff's Complaint.

## TWENTY-FIFTH DEFENSE

At all times relevant, the actions of Defendant were reasonable, proper, legal, without wrongful intent and without malice, which bars Plaintiff's claims for punitive damages. Defendant also asserts the following affirmative defenses to Plaintiff's claims for punitive damages:

a) Plaintiff's claim for punitive damages pursuant to KRS 411.184, as modified by the Supreme Court of Kentucky in *Williams v. Wilson*, 972 S.W.2d 260 (Ky. 1998), against Defendant cannot be sustained, because an award of punitive damages without proof of every element beyond a reasonable doubt would violate Defendant's due process rights under Section Two of the Kentucky Constitution and the Fourteenth Amendment to the U. S. Constitution.

b) Alternatively, unless Defendant's liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate the Defendant's due process rights, which are guaranteed by Section Two of the Kentucky Constitution and the Fourteenth Amendment to the U.S. Constitution.

c) Plaintiff's claim for punitive damages against Defendant cannot be sustained, because any award of punitive damages without bifurcating the trial of all punitive damages issues would violate Defendant's due process rights, which are guaranteed by Section Two of the Kentucky Constitution and the Fourteenth Amendment to the U.S. Constitution.

d) Plaintiff's claim for punitive damages against Defendant cannot be sustained, because an award of punitive damages subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount

of punitive damages that a jury may impose, would violate Defendant's due process rights, which are guaranteed by Section Two of the Kentucky Constitution and the Fourteenth Amendment to the U.S. Constitution.

e)      Plaintiff's claim for punitive damages against Defendant cannot be sustained, because an award of punitive damages by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible and (5) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process and equal protection rights guaranteed by Sections 2, 3, 13 and 17 of the Kentucky Constitution and the Fourteenth Amendment to the U.S. Constitution and the double jeopardy clauses of the Fifth Amendment, as incorporated into the Fourteenth Amendment.

f)      Plaintiff's claim for punitive damages against Defendant cannot be sustained, because an award of punitive damages for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by law would violate Defendant's due process rights, which are guaranteed by Section 2 of the Kentucky Constitution and the Fourteenth Amendment to the U.S. Constitution.

g)      Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages without the same protections that are accorded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate Defendant's rights under Sections 2, 10, 11, 13 and 14 of the Kentucky Constitution and the Fourteenth Amendment to the U.S. Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment.

h)      Any award of punitive damages based on anything other than Defendant's conduct in connection with the alleged incident that is the subject of this lawsuit would violate Sections 2 and 13 of the Kentucky Constitution and the due process clause of the Fourteenth Amendment to the U.S. Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment because any other judgment for punitive damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong.

i)      Alternatively, Defendant relies on KRS 411.184, and the United States Supreme Court decision of *State Farm v. Campbell*, 538 U.S. 408 (2003), as a bar to Plaintiff's punitive damages claims.

## TWENTY-SIXTH DEFENSE

Defendant reserves the right to raise additional affirmative defenses. Any allegation not specifically admitted is hereby denied.

WHEREFORE, Defendant respectfully requests judgment to be entered in his favor, and that Plaintiff's Complaint be dismissed and that he takes nothing thereby. Defendant further

13

requests his costs and expenses, including attorneys' fees, herein expended in this matter, for trial by jury, and for all other appropriate relief for which he may appear to be entitled.

Respectfully submitted,

/s/ L. Scott Miller
L. Scott Miller
Derrick T. Wright
Savannah G. Baker
STURGILL, TURNER, BARKER & MOLONEY, PLLC
333 West Vine Street, Suite 1500
Lexington, KY 40507
(859) 255-8581
smiller@sturgillturner.com
dwright@sturgillturner.com
sbaker@sturgillturner.com
COUNSEL FOR DEFENDANT,
JOSEPH HORTON

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

/s/ L. Scott Miller
COUNSEL FOR DEFENDANT,
JOSEPH HORTON

14