**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**
**CASE NO. 5:22-CV-0300-KKC**

[ELECTRONICALLY FILED]

**JOHN NORMAN, as Administrator of**
**the Estate of DESMAN LADUKE, deceased**                          **PLAINTIFF**
**v.**

**JOSEPH HORTON, et al.**                                                        **DEFENDANT**

---

## ANSWER TO SECOND AMENDED COMPLAINT

---

Come Defendants Joseph Horton, in his individual capacity, and Jason Fraddosio, in his individual and official capacity, by counsel, and file this Answer to Plaintiff's Second Amended Complaint ("Complaint").

### FIRST DEFENSE

The Complaint fails to state a claim against Defendants upon which relief can be granted and should be dismissed.

### SECOND DEFENSE

As for the specific allegations of the Plaintiff's Complaint, Defendants state as follows:

1.      Defendants deny the allegations in paragraph 1 of the Complaint to the extent they state and/or imply Defendants violated state and/or federal law. Otherwise, the allegations in paragraph 1 consist of a legal statement for which no admission or denial is required.

2.      The allegations in paragraph 2 of the Complaint consist of a legal statement for which no admission or denial is required.

3.     Defendants deny the allegations in paragraph 3 of the Complaint to the extent they state and/or imply Defendants violated common and/or state law. Otherwise, paragraph 3 consists of a legal statement for which no admission or denial is required.

4.     Defendants deny the allegations in paragraph 4 of the Complaint to the extent they state and/or imply Defendants violated state and/or federal law. Otherwise, the allegations in paragraph 4 consist of a legal statement for which no admission or denial is required.

5.     As to the allegations in paragraph 5 of the Complaint, Exhibit A speaks for itself. Defendants only deny the allegations in paragraph 5 to the extent they contradict and/or vary from Exhibit A and/or official court records.

6.     Defendants are without sufficient information to admit or deny the allegations in paragraph 6 of the Complaint.

7.     Defendants admit the allegations in paragraph 7 of the Complaint.

8.     Defendants admit the allegations in paragraph 8 of the Complaint.

9.     Defendants re-allege and incorporate their responses to the preceding allegations in response to paragraph 9 of the Complaint.

10.     Defendants admit the allegations in paragraph 10 of the Complaint.

11.     Defendants admit the allegations in paragraph 11 of the Complaint.

12.     Defendants deny the allegations in paragraph 12 of the Complaint to the extent they state and/or imply Defendant Fraddosio improperly or negligently supervised the personnel under his command or that he was solely responsible since these responsibilities would extend to other supervisors within the chain of command. Otherwise, Defendants admit to the allegations in paragraph 12.

13.     Defendants deny the allegations in paragraph 13 of the Complaint to the extent they state and/or imply Defendant Fraddosio was negligent in or deliberately indifferent to his duties and obligations as Commander of the SRT. Otherwise, Defendants admit Defendant Fraddosio was responsible for coordinating and supervising training for SRT members. In addition, Defendants admit that when Defendant Fraddosio was not available to supervise training, another team leader or supervisor would be responsible and coordinate training.

14.     Defendants deny the allegations in paragraph 14 of the Complaint to the extent they state and/or imply Defendant Fraddosio was negligent in or deliberately indifferent to his duties and obligations as Commander of the SRT. Defendant also denies this allegation to the extent it suggests he maintained sole responsibility since his supervisor's would also maintain ultimate authority.  In addition, Defendants deny the allegations in paragraph 14 to the extent they state and/or imply Defendants and/or any other member of the SRT team was not ready or proficient on the day in question. Otherwise, Defendants admit the allegations in paragraph 14.

15.     Defendants deny the allegations in paragraph 15 of the Complaint to the extent they state and/or imply Defendant Fraddosio was negligent in or deliberately indifferent to his duties and obligations as Commander of the SRT. Defendants also deny the allegations in paragraph 15 to the extent they state and/or imply SRT members were required to attend specific, separate training on de-escalation and crisis intervention. Defendants admit that all SRT members received training as to police duties, which included training on de-escalation and crisis intervention.

16.     Defendants deny the allegations in paragraph 16 of the Complaint.

17.     Defendants deny the allegations in paragraph 17 of the Complaint to the extent they state and/or imply Defendant Fraddosio was negligent in or deliberately indifferent to his duties

3

and obligations as Commander of the SRT. Otherwise, Defendants admit the allegations in paragraph 17.

18.     Defendants deny the allegations in paragraph 18 of the Complaint to the extent they state and/or imply Defendant Fraddosio was negligent in or deliberately indifferent to his duties and obligations as Commander of the SRT. Otherwise, Defendants admit the allegations in paragraph 18.

19.     Defendants deny the allegations in paragraph 19 of the Complaint to the extent they state and/or imply Defendant Fraddosio was negligent in or deliberately indifferent to his duties and obligations as Commander of the SRT. Otherwise, Defendants admit to the allegations in paragraph 19. Defendants also admit that meeting at headquarters prior to a call-out is not always feasible under the circumstances and, as a result, will meet first at the scene of an incident.

20.     Defendants deny the allegations in paragraph 20 of the Complaint to the extent they state and/or imply Defendant Fraddosio was negligent in or deliberately indifferent to his duties and obligations as Commander of the SRT. Otherwise, Defendants admit the allegations in paragraph 20. In addition, Defendants admit that, during the incident in question, Defendant Fraddosio, when feasible, formulated and communicated to his SRT Team an operations plan.

21.     Defendants deny the allegations in paragraph 21 of the Complaint to the extent they state and/or imply Defendant Fraddosio was negligent in or deliberately indifferent to his duties and obligations as Commander of the SRT. In addition, Defendants deny the allegations in paragraph 21 to the extent they state and/or imply Defendant Fraddosio has exclusive control of any one operation, including the one at issue. Otherwise, Defendants admit the allegations in paragraph 21.

22.     Defendants deny the allegations in paragraph 22 of the Complaint to the extent they state and/or imply Defendant Fraddosio was negligent in or deliberately indifferent to his duties and obligations as Commander of the SRT. Otherwise, Defendants admit the allegations in paragraph 22.

23.     Defendants deny the allegations in paragraph 23 of the Complaint to the extent they state and/or imply Defendant Fraddosio was negligent in or deliberately indifferent to his duties and obligations as Commander of the SRT. In addition, Defendants deny the allegations in paragraph 23 to the extent they state and/or imply Defendant Fraddosio was required to communicate any and all information to his SRT Team. Defendants admit that, during the incident in question, Defendant Fraddosio notified the SRT Team of pertinent information, which constantly changed as the situation at issue developed.

24.     Defendants deny the allegations in paragraph 24 of the Complaint to the extent they state and/or imply Defendant Fraddosio was negligent in or deliberately indifferent to his duties and obligations as Commander of the SRT. Otherwise, Defendants admit the allegations in paragraph 24.

25.     Defendants deny the allegations in paragraph 25 of the Complaint to the extent they state and/or imply Defendant Fraddosio was negligent in or deliberately indifferent to his duties and obligations as Commander of the SRT. Otherwise, Defendants admit to the allegations in paragraph 25.

26.     As to the allegations in paragraph 26 (a-l) of the Complaint, the Standard Operating Procedures ("SOP") for Persons of Diminished Capacity/Mentally Ill speak for themselves. Defendants deny the allegations in paragraph 26 to the extent they contradict and/or vary from the

SOPs. In addition, Defendants deny the allegations in paragraph 26 to the extent the stated SOPs are taken out of context and/or misrepresented.

27.     Defendants deny the allegations in paragraph 27 of the Complaint.

28.     Defendants deny the allegations in paragraph 28 of the Complaint to the extent they state and/or imply the SRT had personnel and/or administrative issues. Defendants admit the SRT team experienced turnover due to several senior officers retiring simultaneously.

29.     Defendants deny the allegations in paragraph 29 of the Complaint as stated.

30.     Defendants deny the allegations in paragraph 30 of the Complaint to the extent they state and/or imply Defendants and the SRT team were not capable, ready, and/or trained to handle the incident at issue. Otherwise, Defendants admit the allegations in paragraph 30.

31.     Defendants deny the allegations in paragraph 31 of the Complaint.

32.     Defendants deny the allegations in paragraph 32 of the Complaint to the extent they state and/or imply Defendants and/or SRT team members were not prepared for, ready for, or able to appropriately handle the incident at issue.

33.     Defendants deny the allegations in paragraph 33 of the Complaint to the extent they state and/or imply Defendants and/or SRT team members were not prepared for, ready for, or able to appropriately handle the incident at issue.

34.     Defendants deny the allegations in paragraph 34 of the Complaint.

35.     Defendants deny the allegations in paragraph 35 of the Complaint to the extent they state and/or imply Defendants and/or SRT team members were not prepared for, ready for, or able to appropriately handle the incident at issue.

36.     Defendants are without sufficient information to admit or deny the allegations in paragraph 36 of the Complaint.

37.     Defendants deny the allegations in paragraph 37 of the Complaint.

38.     Defendants deny the allegations in paragraph 38 of the Complaint. In October 2022, the SRT Team was composed of one (1) Commander, one (1) Assistant Commander, two (2) Coordinators, and approximately nine (9) team members.

39.     Defendants are without sufficient information to admit or deny the allegations in paragraph 39 of the Complaint.

40.     Defendants deny the allegations in paragraph 40 of the Complaint.

41.     Defendants are without sufficient information to admit or deny the allegations in paragraph 41 of the Complaint.

42.     Defendants are without sufficient information to admit or deny the allegations in paragraph 42 of the Complaint.

43.     Defendants are without sufficient information to admit or deny the allegations in paragraph 43 of the Complaint.

44.     Defendants are without sufficient information to admit or deny the allegations in paragraph 44 of the Complaint.

45.     Defendants are without sufficient information to admit or deny the allegations in paragraph 45 of the Complaint.

46.     Defendants admit the allegations in paragraph 46 of the Complaint.

47.     Defendants are without sufficient information to admit or deny the allegations in paragraph 47 of the Complaint.

48.     Defendants are without sufficient information to admit or deny the allegations in paragraph 48 of the Complaint.

49.     Defendants are without sufficient information to admit or deny the allegations in paragraph 49 of the Complaint.

50.     Defendants are without sufficient information to admit or deny the allegations in paragraph 50 of the Complaint.

51.     Defendants are without sufficient information to admit or deny the allegations in paragraph 51 of the Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Complaint to the extent they state and/or imply Decedent LaDuke did not pose a threat to himself, Defendants, or others during the events relevant to this Complaint. Otherwise, Defendants are without sufficient information to admit or deny the allegations in paragraph 52.

53.     Defendants are without sufficient information to admit or deny the allegations in paragraph 53 of the Complaint.

54.     Defendants are without sufficient information to admit or deny the allegations in paragraph 54 of the Complaint.

55.     Defendants are without sufficient information to admit or deny the allegations in paragraph 55 of the Complaint.

56.     Defendants are without sufficient information to admit or deny the allegations in paragraph 56 of the Complaint.

57.     Defendants are without sufficient information to admit or deny the allegations in paragraph 57 of the Complaint.

58.     Defendants are without sufficient information to admit or deny the allegations in paragraph 58 of the Complaint.

59.     Defendants admit the allegations in paragraph 59 of the Complaint.

60.     Defendants are without sufficient information to admit or deny the allegations in paragraph 60 of the Complaint.

61.     Defendants are without sufficient information to admit or deny the allegations in paragraph 61 of the Complaint.

62.     Defendants are without sufficient information to admit or deny the allegations in paragraph 62 of the Complaint.

63.     Defendants are without sufficient information to admit or deny the allegations in paragraph 63 of the Complaint.

64.     Defendants are without sufficient information to admit or deny the allegations in paragraph 64 of the Complaint.

65.     Defendants are without sufficient information to admit or deny the allegations in paragraph 65 of the Complaint.

66.     Defendants are without sufficient information to admit or deny the allegations in paragraph 66 of the Complaint.

67.     Defendants admit the allegations in paragraph 67 of the Complaint.

68.     Defendants admit the allegations in paragraph 68 of the Complaint.

69.     Defendants admit the allegations in paragraph 69 of the Complaint.

70.     Defendants are without sufficient information to admit or deny the allegations in paragraph 70 of the Complaint to the extent it states the group message was sent at "approximately 11:03 am." Otherwise, Defendants admit the allegations in paragraph 70.

71.     Defendants admit to the allegations in paragraph 71 of the Complaint.

72.     Defendants deny the allegations in paragraph 72 of the Complaint to the extent they state and/or imply SRT members did not respond to the incident at issue in an appropriate and

timely manner. Otherwise, Defendants are without sufficient information to admit or deny the allegations in paragraph 72.

73.     Defendants admit the allegations in paragraph 73 of the Complaint.

74.     Defendants deny the allegations in paragraph 74 of the Complaint to the extent they state and/or imply Defendant Horton was not ready, prepared, and/or alert when he arrived on scene. Otherwise, Defendants admit the allegations in paragraph 74 of the Complaint.

75.     Defendants deny the allegations in paragraph 75 of the Complaint to the extent they state and/or imply Defendant Horton was not ready, prepared, and/or alert when he arrived on scene. Otherwise, Defendants admit the allegations in paragraph 75 of the Complaint.

76.     Defendants admit the allegations in paragraph 76 of the Complaint.

77.     Defendants admit the allegations in paragraph 77 of the Complaint.

78.     Defendants deny the allegations in paragraph 78 of the Complaint to the extent they state and/or imply negligence, unlawful, or violative conduct on behalf of the SRT team because it did not first meet at headquarters prior to the incident at issue. Otherwise, Defendants admit the allegations in paragraph 78.

79.     Defendants deny the allegations in paragraph 79 of the Complaint to the extent they state and/or imply it was Defendant Fraddosio's responsibility to gather intelligence on Decedent LaDuke and/or the situation at issue. Defendants admit that whatever pertinent information was communicated to Defendant Fraddosio regarding Decedent LaDuke and/or the situation at issue was communicated to the SRT team.

80.     Defendants deny the allegations in paragraph 80 of the Complaint to the extent they state and/or imply the SRT team was negligent in the manner in which they received information regarding Decedent LaDuke and/or the incident at issue. In addition, Defendants deny the

allegations in paragraph 80 to the extent they state and/or imply it is the sole responsibility of the SRT team to obtain and/or gather information during a call. Otherwise, Defendants admit the allegations in paragraph 80.

81.     Defendants deny the allegations in paragraph 81 of the Complaint to the extent they state and/or imply Defendant Fraddosio (or the SRT team) did not accurately and appropriately respond to the situation at issue or devise an operational plan.

82.     Defendants admit to the allegations in paragraph 82 of the Complaint.

83.     Defendants deny the allegations in paragraph 83 of the Complaint to the extent they state and/or imply members of the SRT negligently or unreasonably utilized and/or positioned their patrol rifles. Rather, Defendants admit the members of the SRT were reasonably armed and positioned their rifles as needed and/or required under the circumstances. In addition, Defendants admit several members of the SRT took positions of cover and/or concealment.

84.     Defendants are without sufficient information to admit or deny the allegations in paragraph 84 of the Complaint.

85.     Defendants are without sufficient information to admit or deny the allegations in paragraph 85 of the Complaint that a "large" group had formed across the street from the residence, as such term is vague and open to multiple interpretations.

86.     Defendants are without sufficient information to admit or deny the allegations in paragraph 86 of the Complaint.

87.     Defendants admit the allegations in paragraph 87 of the Complaint to the extent they state Defendant Fraddosio "arrived on scene." Defendants, however, deny the allegations in paragraph 87 to the extent they state and/or imply Defendant Fraddosio was responsible for Plaintiff's conduct and/or escalation of events. Further, Defendants deny the allegations in

paragraph 87 to the extent they state and/or imply Defendant Fraddosio acted unlawfully, unreasonably, or negligently under the circumstances.

88.     Defendants admit to the allegations in paragraph 88 of the Complaint to the extent they state and/or imply Defendant Fraddosio was within the vicinity when Decedent LaDuke made a phone call. Otherwise, Defendants are without sufficient information to admit or deny the allegations in paragraph 88.

89.     Defendants deny the allegations in paragraph 89 of the Complaint.

90.     Defendants deny the allegations in paragraph 90 of the Complaint.

91.     Defendants deny the allegations in paragraph 91 of the Complaint.

92.     Defendants admit the allegations in paragraph 92 of the Complaint to the extent they state Defendant Fraddosio checked his watch but deny to the extent this implies there is evidence of wrongdoing or negligence on the part of Defendant Fraddosio. Otherwise, Defendants are without sufficient information to admit or deny the allegations in paragraph 92.

93.     Defendants are without sufficient information to admit or deny the allegations in paragraph 93 of the Complaint.

94.     Defendants deny the allegations in paragraph 94 to the extent they state and/or imply Defendant Fraddosio was responsible for Plaintiff's conduct and/or escalation of events. Further, Defendants deny the allegations in paragraph 94 to the extent they state and/or imply Defendant Fraddosio acted unlawfully, unreasonably, or negligently under the circumstances.

95.     Defendants deny the allegations in paragraph 95 of the Complaint.

96.     Defendants deny the allegations in paragraph 96 of the Complaint to the extent they allege Defendant Fraddosio deployed a sniper and to the extent they suggest that a sniper would not be an appropriate option in confronting an armed suspect.

97.     Defendants deny the allegations in paragraph 97 of the Complaint to the extent they state and/or imply Defendant Fraddosio was responsible for Plaintiff's conduct and/or escalation of events. In addition, Defendants deny the allegations in paragraph 97 to the extent they state and/or imply Defendant Fraddosio acted unlawfully, unreasonably, or negligently under the circumstances.

98.     Defendants deny the allegations in paragraph 98 of the Complaint to the extent they state and/or imply Desman had only one gun. Otherwise, Defendants admit the allegations in paragraph 98.

99.     Defendants deny the allegations in paragraph 99 of the Complaint to the extent they state and/or imply Desman had only one gun. Otherwise, Defendants admit the allegations in paragraph 99.

100.    Defendants deny the allegations in paragraph 100 of the Complaint to the extent they state and/or imply Decedent LaDuke had only one gun. Otherwise, Defendants admit the allegations in paragraph 100 that no one wanted to hurt him.

101.    Defendants are without sufficient information to admit or deny the allegations in paragraph 101 of the Complaint.

102.    Defendants are without sufficient information to admit or deny the allegations in paragraph 102 of the Complaint.

103.    Defendants deny the allegations in paragraph 103 of the Complaint to the extent they state and/or imply Decedent LaDuke was only a threat to himself and not Defendants or others. In addition, Defendants deny the allegations to the extent they state and/or imply Decedent LaDuke had only one gun.

104.    Defendants deny the allegations in paragraph 104 of the Complaint as stated.

105.    Defendants deny the allegations in paragraph 105 of the Complaint as stated. However, Defendants admit that they and the SRT team communicated as required and needed as the situation at issue developed.

106.    Defendants deny the allegations in paragraph 106 of the Complaint.

107.    Defendants deny the allegations in paragraph 107 of the Complaint as stated.

108.    Defendants deny the allegations in paragraph 108 of the Complaint as stated.

109.    Defendants are without sufficient information to admit or deny the allegations in paragraph 109 of the Complaint.

110.    Defendants are without sufficient information to admit or deny the allegations in paragraph 110 of the Complaint.

111.    Defendants deny the allegations in paragraph 111 of the Complaint to the extent they state and/or imply Desman had only one gun. Defendants admit to the allegations in paragraph 111 to the extent they state and/or imply Defendants asked Decedent LaDuke to put his guns down. Otherwise, Defendants admit they gave Decedent LaDuke multiple verbal commands to drop his weapons and gave him ample opportunity to do so.

112.    Defendants deny the allegations in paragraph 112 of the Complaint to the extent they state and/or imply Decedent LaDuke never pointed his guns at Defendants. Otherwise, Defendants admit to the allegations in paragraph 112 of the Complaint.

113.    Defendants deny the allegations in paragraph 113 of the Complaint to the extent they suggest there is a requirement that an officer must indicate the type or manner of force they will deploy if faced with an imminent threat.  Otherwise, Defendants are without sufficient information to admit or deny the allegations in paragraph 113 of the Complaint.

114.    Defendants are without sufficient information to admit or deny the allegations in paragraph 114 of the Complaint to the extent they state Defendant Fraddosio acted "[a]t this point," as such description is vague and open to multiple interpretations. Otherwise, Defendants admit the allegations in paragraph 114.

115.    Defendants deny the allegations in paragraph 115 of the Complaint to the extent they state and/or imply Defendants were aware of how the negotiator received a phone. Otherwise, Defendants admit the allegations in paragraph 115.

116.    Defendants are without sufficient information to admit or deny the allegations in paragraph 116 of the Complaint.

117.    Defendants deny the allegations in paragraph 117 of the Complaint to the extent they state and/or imply Defendants were aware of what was communicated between Decedent LaDuke and the negotiator. Otherwise, Defendants admit the allegations in paragraph 117.

118.    Defendants deny the allegations in paragraph 118 of the Complaint.

119.    Defendants deny the allegations in paragraph 119 of the Complaint.

120.    Defendants admit that Decedent LaDuke was shot in the chest but deny the allegations in paragraph 120 of the Complaint to the extent they state Decedent LaDuke was shot "square" in the chest, as that description is vague and open to multiple interpretations.

121.    Defendants deny the allegations in paragraph 121 of the Complaint.

122.    Defendants deny the allegations in paragraph 122 of the Complaint.

123.    Defendants admit the allegations in paragraph 123 of the Complaint to the extent they were aware of their requirements to give verbal warnings when feasible. In addition, Defendants also admit Decedent LaDuke was given multiple warnings and opportunities to comply to verbal commands prior the use of deadly force.

15

124.    Defendants deny the allegations in paragraph 124 of the Complaint.

125.    Defendants deny the allegations in paragraph 125 of the Complaint.

126.    Defendants deny the allegations in paragraph 126 of the Complaint.

127.    Defendants deny the allegations in paragraph 127 of the Complaint.

128.    Defendants are without sufficient information to admit or deny the allegations in paragraph 128 of the Complaint.

129.    Defendants are without sufficient information to admit or deny the allegations in paragraph 129 of the Complaint to the extent they state Decedent LaDuke "suffer[ed] for several hours" before dying. However, Defendants admit the allegations in paragraph 129 to the extent they state Decedent LaDuke was shot and eventually died.

130.    Defendants deny the allegations in paragraph 130 of the Complaint.

131.    Defendants deny the allegations in paragraph 131 of the Complaint as stated.

132.    Defendants deny the allegations in paragraph 132 of the Complaint as stated.

133.    Defendants admit the allegations in paragraph 133 of the Complaint to the extent they state Defendant Fraddosio asked Decedent LaDuke why he pointed his guns at the officers. Defendants, however, deny the allegations in paragraph 133 to the extent they state/or imply Defendant Fraddosio verbally attacked, harassed, and/or abused Decedent LaDuke.

134.    Defendants deny the allegations in paragraph 134 of the Complaint to the extent they state and/or imply Defendants engaged in a conspiracy to communicate and/or report false information. Otherwise, Defendants admit the allegations in paragraph 134.

135.    Defendants deny the allegations in paragraph 135 of the Complaint to the extent they state and/or imply members of the SRT Team acted in conspiracy and/or with the objective

to falsify their report of events. Otherwise, Defendants are without sufficient information to admit or deny the allegations in paragraph 135.

136.    Defendants are without sufficient information to admit or deny the allegations in paragraph 136 of the Complaint.

137.    Defendants deny the allegations in paragraph 137 of the Complaint.

138.    Defendants deny the allegations in paragraph 138 of the Complaint.

139.    Defendants deny the allegations in paragraph 139 of the Complaint.

140.    Defendants deny the allegations in paragraph 140 of the Complaint.

141.    Defendants deny the allegations in paragraph 141 of the Complaint.

142.    Defendants deny the allegations in paragraph 142 of the Complaint.

143.    Defendants deny the allegations in paragraph 143 of the Complaint.

144.    Defendants deny the allegations in paragraph 144 of the Complaint.

145.    Defendants deny the allegations in paragraph 145 of the Complaint.

146.    Defendants deny the allegations in paragraph 146 of the Complaint.

147.    Defendants re-allege and incorporate their responses to the preceding allegations in response to paragraph 147 of the Complaint.

148.    Defendants admit the allegations in paragraph 148 of the Complaint to the extent they state Defendants were acting under the color of law during the time relevant to this lawsuit. However, Defendants deny the remaining allegations in paragraph 148.

149.    Defendants deny the allegations in paragraph 149 of the Complaint.

150.    Defendants deny the allegations in paragraph 150 of the Complaint.

151.    Defendants deny the allegations in paragraph 151 of the Complaint.

152.    Defendants deny the allegations in paragraph 152 of the Complaint.

153.    Defendants deny the allegations in paragraph 153 of the Complaint.

154.    Defendants deny the allegations in paragraph 154 of the Complaint.

155.    Defendants re-allege and incorporate their responses to the preceding allegations in response to paragraph 155 of the Complaint.

156.    Defendants deny the allegations in paragraph 156 of the Complaint.

157.    Defendants deny the allegations in paragraph 157 of the Complaint.

158.    Defendants deny the allegations in paragraph 158 of the Complaint.

159.    Defendants re-allege and incorporate their responses to the preceding allegations in response to paragraph 159 of the Complaint.

160.    Defendants deny the allegations in paragraph 160 of the Complaint to the extent they state and/or imply Defendants did not act as reasonable and prudent police officers.

161.    Defendants deny the allegations in paragraph 161 of the Complaint.

162.    Defendants deny the allegations in paragraph 162 of the Complaint.

163.    Defendants deny the allegations in paragraph 163 of the Complaint.

164.    Defendants deny the allegations in paragraph 164 of the Complaint.

165.    Defendants deny the allegations in paragraph 165 of the Complaint.

166.    Defendants deny the allegations in paragraph 166 of the Complaint.

167.    Defendants re-allege and incorporate their responses to the preceding allegations in response to paragraph 167 of the Complaint.

168.    Defendants deny the allegations in paragraph 168 of the Complaint.

169.    Defendants deny the allegations in paragraph 169 of the Complaint.

170.    Defendants re-allege and incorporate their responses to the preceding allegations in response to paragraph 170 of the Complaint.

171.     Defendants deny the allegations in paragraph 171 of the Complaint to the extent they state and/or imply Defendant Fraddosio was solely responsible for and/or the final decision maker on the formulation and/or crafting of SOP. Defendants admit, however, that Defendant Fraddosio provides recommendations as to SOP.

172.     Defendants deny the allegations in paragraph 172 of the Complaint.

173.     Defendants deny the allegations in paragraph 173 of the Complaint.

174.     Defendants deny the allegations in paragraph 174 of the Complaint.

175.     Defendants deny the allegations in paragraph 175 of the Complaint.

176.     Defendants deny the allegations in paragraph 176 of the Complaint.

177.     Defendants deny the allegations in paragraph 177 of the Complaint.

178.     Defendants deny the allegations in paragraph 178 of the Complaint.

179.     Defendants re-allege and incorporate their responses to the preceding allegations in response to paragraph 179 of the Complaint.

180.     Defendants re-allege and incorporate their responses to the preceding allegations in response to paragraph 180 of the Complaint.

**THIRD DEFENSE**

Defendants specifically plead the affirmative defenses set forth in Fed. R. Civ. P. 8(c)(1), including contributory negligence, statute of limitations, estoppel, waiver, insufficiency of process, insufficiency of service of process, and any other affirmative defense which may become known or discoverable during the course of litigation.

At the time and the occasion complained of in the Complaint, Plaintiff's own actions caused his injuries and Plaintiff's own negligence and/or action(s) was a substantial factor in

causing his injuries, if any, and said negligence and/or action(s) constitutes a bar either in whole or in part to Plaintiff's Complaint.

## FOURTH DEFENSE

The damages about which Plaintiff complains, if any, may have been caused or brought about by or were the proximate result of conduct on the part of persons not parties to this lawsuit, all without negligence or fault on the part of Defendants.

## FIFTH DEFENSE

The damages about which Plaintiff complains, if any, may have been caused or brought about by an intervening or superseding cause not under the control of Defendants, and Defendants rely upon same as bar to Plaintiff's Complaint.

## SIXTH DEFENSE

At the time of and on the occasion referred to in the Complaint, Plaintiff's injuries and/or damages, if any, may have been caused and brought about by the sole, primary, and active conduct of other persons or parties, without any fault on the part of Defendants, and but for which said incident would not have occurred, and Defendants plead and rely upon same as a bar, in whole or in part, to Plaintiff's claims.

## SEVENTH DEFENSE

The injures and damages complained of by Plaintiff, if any, may have been caused by the acts of Unknown Defendants and/or Unknown Third Persons of or over which these Defendants had no control, which acts as a bar, either in whole or in part, to the claims of Plaintiff.

**EIGHTH DEFENSE**

Plaintiff's Complaint against Defendant is barred as the incident and damages complained of were unavoidable on the part of Defendants.

Plaintiff's claims for recovery should be barred to the extent they are attributable, in whole or in part, to pre-existing conditions and/or collateral causes and/or subsequent conditions that Defendants did not create or is not otherwise responsible for.

**NINETH DEFENSE**

The Complaint may fail to name necessary and indispensable parties without which full and complete relief cannot be accorded, and the Complaint should be dismissed.

**TENTH DEFENSE**

Plaintiff's Complaint, in whole or in part, may be barred as the Plaintiff may not be the real parties in interest.

**ELEVENTH DEFENSE**

At all times mentioned in the Complaint, Defendants' actions, in all respects, were reasonable, proper, legal and without wrongful intent or malice. As such, Defendants are not liable for exemplary or punitive damages in any sum.

**TWELFTH DEFENSE**

At all times mentioned in the Complaint, Defendants acted in good faith and without any ill motive or tortious intent, which acts as a complete bar to Plaintiff's Complaint.

**THIRTEENTH DEFENSE**

Plaintiff may have caused or also may have failed to mitigate any and all of his alleged damages and/or aggravated the same by his own actions or inactions, which bars in whole or in part his claim for damages.

**FOURTEENTH DEFENSE**

The Complaint is barred by absolute, qualified, official, and/or qualified official immunity of Defendants, which also bars any discovery against Defendants.

**FIFTEENTH DEFENSE**

Defendants acted in conformity with all applicable statutes, regulations, ordinances, and common law, as well as the Constitutions of the United States and the Commonwealth of Kentucky.

**SIXTEENTH DEFENSE**

Part and/or all of Plaintiff's claims may be barred by sovereign and/or governmental immunity, by statute, such as but not solely limited to KRS Chapter 65.

**SEVENTEENTH DEFENSE**

Defendants are entitled to good faith immunity in that no action was taken against Plaintiff with malice or in violation of state or federal law.

**EIGHTEENTH DEFENSE**

At all times mentioned in the Complaint, Defendants acted with probable cause and exercised a reasonable belief as to the necessity of their actions and were justified in taking their actions, which acts as a complete bar to Plaintiff's Complaint.

## NINETEENTH DEFENSE

Defendants were privileged to take the actions alleged in the Complaint to be common law torts. Such privileges, absolute or conditional, bar Plaintiff's action in whole or in part. Defendants were privileged to act pursuant to KRS 431.005, KRS 503.090, KRS 503.050, and other applicable statutes, criminal laws, as well as pursuant to the Constitution of Kentucky. Furthermore, KRS 503.085 acts as a complete bar to certain claims asserted by Plaintiff.

## TWENTIETH DEFENSE

Plaintiff may have consented, explicitly or implicitly, to any or all purported tortious conduct alleged in the Complaint, which acts as a complete or partial bar to Plaintiff's claims herein.

Defendants assert that some actions may have been inadvertent and not intentional, which acts as a complete bar to recovery for some claims.

## TWENTY-FIRST DEFENSE

Defendants may not be held responsible for actions taken by others or caused by Plaintiff or others, in whole or in part, and from whom contribution, indemnity, and/or comparative fault may be due.

## TWENTY-SECOND DEFENSE

Plaintiff's actions as alleged in the Complaint, in whole or in part, were illegal and wrongful and in violation of Kentucky law, which acts as a complete or partial bar to Plaintiff's Complaint.

## TWENTY-THIRD DEFENSE

At the time of and on the occasion complained of in the Complaint, Plaintiff may have been negligent, which was the (or substantial) factor in causing his alleged injuries, barring either in whole or in part his Complaint.

## TWENTY-FOURTH DEFENSE

Defendants' actions were objectively reasonable under the facts and circumstances confronting them and created by Plaintiff, which acts as a complete bar to Plaintiff's Complaint.

## TWENTY-FIFTH DEFENSE

At all times relevant, the actions of Defendants were reasonable, proper, legal, without wrongful intent and without malice, which bars Plaintiff's claims for punitive damages. Defendants also assert the following affirmative defenses to Plaintiff's claims for punitive damages:

a) Plaintiff's claim for punitive damages pursuant to KRS 411.184, as modified by the Supreme Court of Kentucky in *Williams v. Wilson*, 972 S.W.2d 260 (Ky. 1998), against Defendants cannot be sustained, because an award of punitive damages without proof of every element beyond a reasonable doubt would violate Defendants' due process rights under Section Two of the Kentucky Constitution and the Fourteenth Amendment to the U. S. Constitution.

b) Alternatively, unless Defendants' liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate the Defendants' due process rights, which are guaranteed by Section Two of the Kentucky Constitution and the Fourteenth Amendment to the U.S. Constitution.

c)      Plaintiff's claim for punitive damages against Defendants cannot be sustained, because any award of punitive damages without bifurcating the trial of all punitive damages issues would violate Defendants' due process rights, which are guaranteed by Section Two of the Kentucky Constitution and the Fourteenth Amendment to the U.S. Constitution.

d)      Plaintiff's claim for punitive damages against Defendants cannot be sustained, because an award of punitive damages subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that a jury may impose, would violate Defendants' due process rights, which are guaranteed by Section Two of the Kentucky Constitution and the Fourteenth Amendment to the U.S. Constitution.

e)      Plaintiff's claim for punitive damages against Defendants cannot be sustained, because an award of punitive damages by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size, of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible and (5) is not subject to judicial review on the basis of objective standards, would violate Defendants' due process and equal protection rights guaranteed by Sections 2, 3, 13 and 17 of the Kentucky Constitution and the Fourteenth Amendment to the U.S.

Constitution and the double jeopardy clauses of the Fifth Amendment, as incorporated into the Fourteenth Amendment.

f)      Plaintiff's claim for punitive damages against Defendants cannot be sustained, because an award of punitive damages for the purpose of compensating Plaintiff for elements of damages not otherwise recognized by law would violate Defendants' due process rights, which are guaranteed by Section 2 of the Kentucky Constitution and the Fourteenth Amendment to the U.S. Constitution.

g)      Plaintiff's claim for punitive damages cannot be sustained, because an award of punitive damages without the same protections that are accorded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, a speedy trial and the effective assistance of counsel would violate Defendants' rights under Sections 2, 10, 11, 13 and 14 of the Kentucky Constitution and the Fourteenth Amendment to the U.S. Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment.

h)      Any award of punitive damages based on anything other than Defendants' conduct in connection with the alleged incident that is the subject of this lawsuit would violate Sections 2 and 13 of the Kentucky Constitution and the due process clause of the Fourteenth Amendment to the U.S. Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment because any other judgment for punitive damages in this case cannot protect Defendants against impermissible multiple punishment for the same wrong.

i)      Alternatively, Defendants rely on KRS 411.184, and the United States Supreme Court decision of *State Farm v. Campbell*, 538 U.S. 408 (2003), as a bar to Plaintiff's punitive damages claims.

## TWENTY-SIXTH DEFENSE

Defendants reserve the right to raise additional affirmative defenses. Any allegation not specifically admitted is hereby denied.

WHEREFORE, Defendants respectfully request judgment to be entered in their favor, and that Plaintiff's Complaint be dismissed and that he takes nothing thereby. Defendants further request their costs and expenses, including attorneys' fees, herein expended in this matter, for trial by jury, and for all other appropriate relief for which he may appear to be entitled.

Respectfully submitted,

 /s/ *L. Scott Miller*
L. Scott Miller
Derrick T. Wright
Savannah G. Baker
J. Tyler Chelf
STURGILL, TURNER, BARKER & MOLONEY, PLLC
333 West Vine Street, Suite 1500
Lexington, KY 40507
(859) 255-8581
smiller@sturgillturner.com
dwright@sturgillturner.com
sbaker@sturgillturner.com
tchelf@sturgillturner.com
*COUNSEL FOR DEFENDANTS*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 20, 2023, I electronically filed the foregoing with the

Clerk of the Court by using the CM/ECF system.


 /s/ *L. Scott Miller*_____
*COUNSEL FOR DEFENDANTS*