UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| JOHN NORMAN, *Administrator of the Estate of* Desman LaDuke, <br><br> **Plaintiff,** <br><br> v. <br><br> JOSEPH HORTON, *individually*, et al. <br><br> **Defendants.** | CIVIL ACTION NO. 5:22-cv-300-KKC <br><br><br> **OPINION & ORDER** |

*** *** ***

This matter is before the Court on plaintiff John Norman's, as Administrator of the Estate of Desman LaDuke, motion to alter or amend judgment. (DE 82.) For the following reasons, the motion is denied.

I. **Factual Background**

John Norman, as the administrator of Desman LaDuke's Estate, filed this lawsuit after a tragic encounter between LaDuke and members of the Nicholasville Police Department resulted in LaDuke's death. The Estate claimed various violations of both federal and state law. The Court previously entered judgment in favor of the Defendants for all claims asserted. (DE 81.) The Estate now moves pursuant to Federal Rule of Civil Procedure 59(e) for the Court to alter or amend its judgment, or, in the alternative, for leave to file its Third Amended Complaint ("TAC").

II. **Motion to alter or amend**

The standard for a motion under Rule 59(e) is "necessarily high." *Hewitt v. W. & S. Fin. Grp. Flexibly Benefits Plan*, Civil Action No. 16-120-HRW, 2017 WL 2927472, at *1 (E.D.

1

Ky. July 7, 2017). The moving party may not use a Rule 59(e) motion to "re-litigate issues the Court previously considered." *Id.* at *1. A court may only grant a Rule 59(e) motion if the moving party sets forth (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted). Further, "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard v. U.S.*, 533 F.3d 472, 475 (6th Cir. 2008). It "allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Id.* (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) (explaining that a district court "may well deny the Rule 59(e) motion on that ground.")).

### A. Analysis

The Estate specifically moves for the Court to alter or amend judgment with respect to its state law claims. The Court entered judgment for the Defendants on the Estate's state law claims[1] because it found that the Defendants were entitled to qualified official immunity under Kentucky law. (DE 80 at 23.) The Court evaluated the Defendants' entitlement to immunity under the Estate's original state law liability theory (that appeared in the operative complaint), and it disregarded a liability theory the Estate did not include in the operate complaint but rather presented for the first time in its response to the motion for summary judgment.

As explained in the Court's prior opinion, the operative complaint grounded the state law claims on the alleged excessive force used by the Defendants. (DE 31 at ¶¶ 155–69.) When the Defendants moved for summary judgment, they tailored their arguments regarding the

---

[1] The Estate's state law claims included claims for assault, battery, negligence, gross negligence, and wrongful death. (DE 31.)

2

state law claims to that liability theory. (DE 57 at 25–26.) In the Estate's response to the Defendants' motion for summary judgment, however, the Estate alleged that its state law claims were premised on the Defendants' failure to comply with the Nicholasville Police Department's (the "Department") policy on interactions with diminished persons. (DE 70 at 16-19.) The Court disregarded the Estate's negligent-performance-of-policy theory— explaining that it impermissibly caused "a 'shift in the thrust of the case' that would prejudice [the Defendants]." (DE 80 at 22) (citing *Grand Traverse Band of Ottawa & Chippewa Indians v. Blue Cross Blue Shield of Michigan*, 619 F. Supp. 3d 773, 780 (E.D. Mich. 2022)) ((quoting *S.E.C. v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 327 (6th Cir. 2013))).

The Estate now argues that it is entitled to relief under Rule 59(e) because (1) the Court's decision to disregard its negligent-performance-of-policy theory was based on a manifest error of fact, or, in the alternative, (2) the judgment must be altered to prevent manifest injustice. Specifically, the Estate argues that the Defendants knew—throughout litigation—that its chief liability theory for its state law claims was the negligent-performance-of-policy theory. The Estate presents facts from discovery that were not highlighted at the summary judgment stage to support its argument. As a result, the Estate requests that the Court (1) vacate its judgment on the state law claims and address the Estate's negligent-performance-of-policy theory, or (2) amend its judgment to reflect that the Estate's state law claims are dismissed without prejudice for want of jurisdiction.

### i. **The Court's decision was not based on a manifest error of fact.**

The Estate argues that a factual error underlies the Court's finding that the Defendants were prejudiced by the substitution of liability theories. All told, the Estate argues less that the Court's decision was based on a factual error and more that the Court's decision was based on an incomplete understanding of the manner in which the parties had litigated this case. The Estate argues that (1) the operative complaint and (2) occurrences

3

external to the complaint (i.e., questions asked during depositions, statements from the Defendants' expert, and statements from the Estate's expert) evidence that its negligent-performance-of-policy theory was a known quantity to the Defendants throughout litigation. As a result of these occurrences, the Estate suggests the Defendants were not surprised by the negligent-performance-of-policy theory appearing at the summary judgment stage. And the Estate argues that since the Defendants were not surprised, they experienced no prejudice—which was a necessary finding the Court made in deciding to disregard the Estate's new theory. *See Grand Traverse Band of Ottawa & Chippewa Indians*, 619 F. Supp. 3d at 780 (explaining that whether to disregard new arguments involves evaluating whether the change in argument "would cause a 'shift in the thrust of the case' that would prejudice the other party.") (citation omitted).

For one, a cursory review of the language in the operative complaint demonstrates that the Estate's characterization of its state law claims diverges from the complaint. For example, in Count II—the Estate's assault and battery claim—the Estate alleges that the Defendants "applied and threatened to apply unlawful and unnecessary force against Desman LaDuke." (DE 31 at ¶ 156.) In Count III—the Estate's negligence claim—it alleges that the Defendants breached the applicable "duty of care by utilizing unauthorized and unnecessary deadly force against Desman[.]" (*Id* at ¶ 161.)

There is no mention of any Department policy in those counts. Rather, the Estate argues that its state law claims were "primarily predicated" on the breach-of-policy theory because the counts "incorporated by reference" three earlier allegations concerning Department policies. (DE 82 at 3.) Of the three allegations in the operative complaint that the Estate cites for support, only one expressly mentions the Department's diminished capacity policy. (DE 31 at ¶ 25.) Without more, the Court finds that no factual error—let

4

alone a manifest error—underlies the Court's decision that the operative complaint failed to apprise the Defendants of the negligent-performance-of-policy theory.

Further, the Estate's argument regarding occurrences external to the complaint is unconvincing. The Estate argues that the Defendants constructively agreed to amend the complaint to include the negligent-performance-of-policy theory by simply discussing facts related to that theory during discovery. As a result, the Estate argues that these occurrences undermine the Defendants' claim that they were prejudiced by the exchange of theories.

The Estate's argument is ultimately unconvincing because it fails to recognize that federal pleading requirements, though forgiving, do have their limits—and the more complete factual background that the Estate provides now does not change that. It is true that in some cases, as the Estate points out, "parties may constructively amend the complaint by agreeing, even implicitly, to litigate fully an issue not raised in the original pleadings." *Stemler v. City of Florence*, 126 F.3d 856, 872 (6th Cir. 1997) (citation omitted). In those cases, there can be no doubt that defendants experience no prejudice by litigating constructively amended claims. But, as the Sixth Circuit has put it, federal pleading requirements were "designed to allow parties to a civil action to get to the heart of the matter and not have relevant issues obscured by pleading niceties. **[They were] not designed to allow parties to change theories in mid-stream**." *Donald v. Wilson*, 847 F.2d 1191, 1198 (6th Cir. 1988) (emphasis added) (*overruled on other grounds by Doe v. Sullivan*, 956 F.2d 545, 551 n. 1 (6th Cir. 1992)); *see also Alexander v. Carter for Byrd*, 733 F. App'x 256, 265 (6th Cir. 2018) (explaining that the Sixth Circuit "has held repeatedly [that] a plaintiff seeking to expand her claims to assert new theories [ ] may not do so in response to summary judgment or on appeal.") (internal citation and brackets omitted).

Ultimately, for the Estate to establish implied consent to litigate its negligent-performance-of-policy theory, "it must appear that the parties understood the evidence to be

5

aimed at the unpleaded issue." *Sasse v. U.S. Dep't of Labor*, 409 F.3d 773, 781 (6th Cir. 2005) (quoting *Carlisle Equip. Co. v. U.S. Sec'y of Labor & Occupational Safety*, 24 F.3d 790, 795 (6th Cir. 1994)). Here, the new facts cited by the Estate do not prove that the Defendants' implicitly agreed to try the negligent-performance-of-policy theory, nor do they prove that the Defendants were not prejudiced by the substitution of theories. Put plainly, the Defendants failure to understand the evidence was aimed at that theory, and their prejudice, is proven by the fact that they filed for summary judgment on the liability theories pled in the complaint—not the negligent-performance-of-policy theory. The occurrences in discovery that the Estate points to do not change that reality, and the Court therefore finds that no error of fact underlies its prior decision on this point.

### ii. The judgment does not need to be altered to prevent manifest injustice.

The Estate next argues that the Court's judgment must be altered to avoid manifest injustice. Courts in this circuit have been unable to arrive at a clear definition of what exactly constitutes manifest injustice. *See Hernandez v. City of Saginaw*, No. 12-cv-11916, 2013 WL 4052632, at *3 (E.D. Mich. Aug. 12, 2013) ("The 'manifest injustice' ground is, it must be acknowledged, 'an amorphous concept with no hard line definition.'"). "What is clear from the case law, and from a natural reading of the term itself, is that a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *United States v. Jarnigan*, No. 3:08-CR-7, 2008 WL 2944902, at *2 (E.D. Tenn. June 19, 2008). Ultimately, "[t]he manifest injustice standard presents [movants under Rule 59(e)] with a high hurdle." *Westerfield v. United States*, 366 F. App'x 614, 620 (6th Cir. 2010).

The fundamental flaw in the Court's judgment, according to the Estate, is the fact that its state law claims were dismissed without examination of the *true merits* of those

6

claims. The Estate's attorney asks the Court not to allow his failure to "perceive the true basis of the claim at the pleading stage" to foreclose an opportunity for the Estate to recover on that theory. (DE 86 at 2.)

Failure to consider the merits of the state law claims cannot serve as the fundamental flaw the Estate must identify under Rule 59(e)'s "manifest injustice" standard. For one, the Estate's state law claims *were* addressed on the merits—just not under the liability theory the Estate elected to include in a filing for the first time at the summary judgment stage. And as discussed above, the Court's decision to disregard the negligent-performance-of-policy theory *was not* in error and *was* supported by well-established caselaw. Accordingly, that decision cannot serve as the "fundamental flaw" the Estate must identify to receive relief under Rule 59(e)'s "manifest injustice" standard. *Jarnigan*, 2008 WL 2944902 at *2.

The Estate also fails to explain how the Court's judgment is inequitable and not in line with applicable policy. To the contrary, the Court issued a reasoned opinion resolving the legal questions at issue in this case. And specifically, the Court's opinion appropriately considered and enforced the policies which lie at the heart of federal pleading requirements—those being the competing policies of letting parties "get to the heart of the matter," but not allowing parties "to change theories in mid-stream." *Donald*, 847 F.2d at 1198. As such, the Court finds that the judgment does not need to be altered to prevent manifest injustice.

### iii. The Court will not decline supplemental jurisdiction.

The Estate finally requests that the Court modify its judgment to dismiss its state law claims without prejudice for lack of jurisdiction so that it may re-file its claims in state court. The Estate cites no authority to support this request other than the Court's discretion under 28 U.S.C. § 1367(c)(3) to decline supplemental jurisdiction over state law claims once related federal claims have been dismissed. Exercising that discretion here, the Court declines to modify its judgment as the Estate requests. Doing so would permit, and potentially

encourage, piecemeal litigation. In the interest of "judicial economy and the avoidance of multiplicity of litigation," the Court thus declines to alter its judgment to dismiss the Estate's state law claims without prejudice for lack of jurisdiction so that it may re-file its claims in state court. *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir.1993) (quoting *Aschinger v. Columbus Showcase Co.*, 934 F.2d 1402, 1412 (6th Cir. 1991)).

### III. Motion for leave to amend

#### A. Analysis

In its motion, the Estate requests leave to file its TAC if the Court denies its motion to alter or amend. Generally, leave to amend is "freely given when justice so requires." *Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993) (quoting Fed. R. Civ. P. 15(a)). But "[w]hen a party seeks to amend a complaint after an adverse judgment, it . . . must shoulder a heavier burden. Instead of meeting only the modest requirements of Rule 15, the claimant must meet the requirements for reopening a case established by Rules 59 or 60." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 616 (6th Cir.2010) (citation and internal quotation marks omitted). Thus, because the Estate failed to meet the requirements for reopening this case under Rule 59, it also fails to meet its burden to amend its complaint after an adverse judgment has been entered against it.

Moreover, amendment will not be permitted here because plaintiff's moving to amend after the close of discovery, the dispositive motions' deadline, and judgment carry "an increased burden . . . to show justification **for the failure to move earlier**," and the Estate has failed to carry that increased burden. *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (emphasis added). Put plainly, nothing prevented the Estate from requesting leave to file its TAC during discovery—which is when the negligent-performance-of-policy theory ostensibly became its chief state law liability theory. The Estate did not, and, as a result, the Defendants moved for summary judgment based on the liability theories found in

the operative complaint. If the Court were to permit the Estate to file its TAC at this late stage in litigation, discovery would have to be reopened[2], and new deadlines would have to be set. These extra steps would prejudice the Defendants and "deprive [them] of their anticipated closure." *Id*. (cleaned up). Accordingly, the Estate's request for leave to file its TAC is denied.

## IV.  Conclusion

Based on the foregoing, the Estate's motion to alter or amend judgment (DE 82) is DENIED.

This 13th day of August, 2025.



KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[2] The Estate argues that no additional discovery would be necessary because the witnesses in this case discussed the Department's policies during their respective depositions. The Court nevertheless finds that the Defendants would be entitled to additional discovery if it permitted the TAC to be filed as it includes state law allegations that are materially different than the state law allegations in the Estate's Second Amended Complaint.